# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TIMOTHY JONES, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. 3:23-cv-00512 |
| | ) Judge Aleta A. Trauger |
| ELECTRIC POWER BOARD OF METROPOLITAN NASHVILLE AND DAVIDSON COUNTY d/b/a NASHVILLE ELECTRIC SERVICE, | ) JURY DEMAND |
|     Defendant. | ) |

## ANSWER TO AMENDED COMPLAINT

Defendant the Electric Power Board of Metropolitan Nashville and Davidson County, using the service name Nashville Electric Service ("NES" or "Defendant"), by and through undersigned counsel, answers Plaintiff's Amended Complaint as follows:

1. As to Paragraph 1 of the Amended Complaint, NES admits that Plaintiff has brought this action against NES pursuant to the statutes listed in Paragraph 1. NES denies all allegations or inferences of wrongdoing, denies it violated the statutes listed in Paragraph 1, and denies Plaintiff is entitled to any relief whatsoever. To the extent this paragraph implies liability in any way, it is denied.

2, Paragraph 2 includes legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES admits Plaintiff is a black employee. The remainder of the allegations contained in Paragraph 2 are denied. To the extent this paragraph implies liability in any way, it is denied.

1

## PARTIES, JURISDICTION AND VENUE

3. As to Paragraph 3 of the Amended Complaint, NES admits this Court has jurisdiction to hear Plaintiff's claims. NES denies it engaged in any wrongdoing, denies it violated the cited statutes, and denies Plaintiff is entitled to any relief whatsoever. To the extent this paragraph implies liability in any way, it is denied.

4. As to Paragraph 4 of the Amended Complaint, NES admits this Court is a proper venue to hear Plaintiff's claims. NES denies it engaged in any wrongdoing, denies it violated the cited statutes, and denies Plaintiff is entitled to any relief whatsoever. To the extent this paragraph implies liability in any way, it is denied.

5. The allegations contained in Paragraph 5 of the Amended Complaint are admitted. To the extent this paragraph implies liability in any way, it is denied.

6. Paragraph 6 includes legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, upon information and belief, NES admits Plaintiff is a resident of Tennessee, and admits it currently employs Plaintiff and did so during all times material to this action. The remainder of the allegations contained in Paragraph 6 are denied. To the extent this paragraph implies liability in any way, it is denied.

7. As to Paragraph 7 of the Amended Complaint, NES admits it is a municipally owned, not-for-profit public power provider. The remainder of the allegations contained in Paragraph 7 are denied. To the extent this paragraph implies liability in any way, it is denied.

8. Paragraph 8 includes legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES admits it is Plaintiff's employer. The remainder of the allegations contained in Paragraph 8 are denied. To the extent this paragraph implies liability in any way, it is denied.

9. As to Paragraph 9, NES admits only that Plaintiff filed a charge of discrimination, which speaks for itself, and was issued a Right to Sue, which speaks for itself. The remainder of the allegations contained in Paragraph 9 are denied. To the extent this paragraph implies liability in any way, it is denied.

10. Paragraph 10 includes legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES admits only that Plaintiff was issued a Right to Sue, which speaks for itself, and filed his original complaint on May 20, 2023. The remainder of the allegations contained in Paragraph 10 are denied. To the extent this paragraph implies liability in any way, it is denied.

## STATEMENT OF FACTS

11. The allegations contained in Paragraph 11 of the Amended Complaint are admitted. To the extent this paragraph implies liability in any way, it is denied.

12. The allegations contained in Paragraph 12 of the Amended Complaint are admitted. To the extent this paragraph implies liability in any way, it is denied.

13. As to Paragraph 13, NES admits only that Plaintiff has performed satisfactorily and was not selected for certain promotions because he was not the most qualified candidate. The remainder of the allegations contained in Paragraph 13 are denied. To the extent this paragraph implies liability in any way, it is denied.

14. Paragraph 14 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, the allegations contained in Paragraph 14 are denied.

15. The allegations contained in Paragraph 15 of the Amended Complaint are denied.

16. The allegations contained in Paragraph 16 of the Amended Complaint are denied.

17. The allegations contained in Paragraph 17 of the Amended Complaint are denied.

18. The allegations contained in Paragraph 18 of the Amended Complaint are denied.

19. As to the allegations contained in Paragraph 19, NES admits only that an incident involving Matt Huffines and Plaintiff in the presence of Trish Holliday occurred in November 2021. The remainder of the allegations contained in Paragraph 19 are denied. To the extent this paragraph implies liability in any way, it is denied.

20. The allegations contained in Paragraph 20 of the Amended Complaint are denied.

21. The allegations contained in Paragraph 21 are denied.

22. As to Paragraph 22 of the Amended Complaint, NES is without information sufficient to form a belief as to what Plaintiff "learned" regarding other individuals and thus, these allegations are denied. NES specifically denies any allegation or inference that African American employees were subject to discrimination or hostile treatment due to their race.

23. As to Paragraph 23 of the Amended Complaint, NES is without information sufficient to form a belief as to what conversations Plaintiff had with other African American co-workers. NES specifically denies any allegation or inference that African American employees were subject to discrimination or hostile treatment due to their race.

24. As to Paragraph 24 of the Amended Complaint, NES admits only that during his employment, Plaintiff has made general complaints about the certification and promotion process at NES. The remaining allegations contained in Paragraph 24 of the Complaint are denied. To the extent this paragraph implies liability in any way, it is denied.

25. As to Paragraph 25 of the Amended Complaint, NES admits only that Plaintiff applied for promotions on several occasions and was not selected for certain promotions because

4

10898343v1
Case 3:23-cv-00512   Document 36   Filed 03/21/24   Page 4 of 18 PageID #: 156

he was not the most qualified candidate. The remaining allegations in Paragraph 25 are denied. To the extent this paragraph implies liability in any way, it is denied.

26. The allegations contained in Paragraph 26 of the Amended Complaint are denied.

27. The allegations contained in Paragraph 27 are denied.

28. As to Paragraph 28 of the Amended Complaint, NES admits that Plaintiff entered the Lineman apprentice program with Jay Shannon. NES also admits that Mr. Shannon applied for the Working Foreman position and admits Plaintiff did not apply. All other allegations contained in Paragraph 28 of the Amended Complaint are denied. To the extent this paragraph implies liability in any way, it is denied.

29. As to the allegations contained in Paragraph 29 of the Amended Complaint, NES admits only that Jay Shannon was allowed to apply for the Working Foreman Position, Plaintiff did not apply, and that Mr. Shannon was promoted to Working Foreman. The remainder of the allegations contained in Paragraph 29 are denied. To the extent this paragraph implies liability in any way, it is denied.

30. As to Paragraph 30 of the Amended Complaint, NES admits only that Plaintiff completed the apprentice program. The remaining allegations contained in Paragraph 30 of the Complaint are denied. To the extent this paragraph implies liability in any way, it is denied.

31. As to Paragraph 31 of the Amended Complaint, NES admits only that Plaintiff notified management and Human Resources that Jay Shannon qualified for a position that he shouldn't have. The remaining allegations contained in Paragraph 31 are denied. To the extent this paragraph implies liability in any way, it is denied.

32. Paragraph 32 includes legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, the allegations contained in Paragraph 32 are denied. NES specifically denies Plaintiff was not promoted because of his race.

33. As to Paragraph 33 of the Amended Complaint, NES admits only that during one attempt at promotion, Plaintiff was given a test by Superintendent Jason Dickson. The remaining allegations contained in Paragraph 33 are denied. To the extent this paragraph implies liability in any way, it is denied.

34. Paragraph 34 includes legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, the allegations contained in Paragraph 34 are denied. NES denies test scores were discriminatorily altered to disqualify Plaintiff from the Working Forman job.

35. As to Paragraph 35 of the Amended Complaint, NES admits that Plaintiff and Tina DeMoss reported issues with the test scoring and that the issue was investigated. The remaining allegations contained in Paragraph 35 of the Amended Complaint are denied. To the extent this paragraph implies liability in any way, it is denied.

36. The allegations contained in Paragraph 36 of the Amended Complaint are denied.

37. The allegations contained in Paragraph 37 of the Amended Complaint are denied.

38. The allegations contained in Paragraph 38 of the Amended Complaint are denied.

39. As to the allegations contained in Paragraph 39 of the Amended Complaint, NES admits that in December of 2019, Plaintiff and one other Caucasian employee were both candidates for a Working Foreman position. The remaining allegations contained in Paragraph 39 are denied. To the extent this paragraph implies liability in any way, it is denied.

40. The allegations contained in Paragraph 40 of the Amended Complaint are admitted. To the extent this paragraph implies liability in any way, it is denied.

41. The allegations contained in Paragraph 41 of the Amended Complaint are denied.

42. The allegations contained in Paragraph 42 of the Amended Complaint are denied.

43. The allegations contained in Paragraph 43 of the Amended Complaint are denied.

44. As to the allegations contained in Paragraph 44 of the Amended Complaint, NES admits only that Plaintiff was promoted to Working Foreman in December 2019 and that after another candidate "dropped out" he was the only remaining candidate for the position. The remainder of the allegations contained in Paragraph 44 are denied.

45. The allegations contained in Paragraph 45 of the Amended Complaint are denied.

46. The allegations contained in Paragraph 46 of the Amended Complaint are denied.

47. The allegations contained in Paragraph 47 of the Amended Complaint are denied.

48. The allegations contained in Paragraph 48 of the Amended Complaint are denied.

49. As to Paragraph 49, NES admits that currently, there is one minority Supervisor. To the extent this paragraph implies liability in any way, it is denied.

50. The allegations contained in Paragraph 50 of the Amended Complaint are denied.

51. The allegations contained in Paragraph 51 of the Amended Complaint are denied.

52. The allegations contained in Paragraph 52 of the Amended Complaint are denied.

53. Paragraph 53 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, the allegations contained in Paragraph 53 are denied.

54. Paragraph 54 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, the allegations contained in Paragraph 54 are denied. NES specifically denies Plaintiff has been subject to race harassment or discrimination.

55. The contained in Paragraph 55 of the Amended Complaint are denied.

56. As to Paragraph 56, NES admits only that a report was made regarding Ty Jones using the "not equal" sign in his email profile. NES specifically denies Mr. Jones' doing so had anything to do with race as NES's investigation resulted in an opposite conclusion. The remainder of the allegations contained in Paragraph 56 are denied. To the extent this paragraph implies liability in any way, it is denied.

57. As to Paragraph 57, NES is without information sufficient to form a belief as to what the Anti-Defamation League claims regarding the "Not Equal" symbol and questions whether Plaintiff consulted the Anti-Defamation League at the time of Ty Jones use of the symbol. NES specifically denies Mr. Jones used the symbol as an expression of "white supremacy" or an attempt to imply "that different races are not equal to each other" inferring the white race is superior as NES's investigation resulted in an opposite conclusion. The remainder of the allegations contained in Paragraph 57 are denied. To the extent this paragraph implies liability in any way, it is denied.

58. As to Paragraph 58, NES specifically denies the allegation that no action was taken in response to the report of Ty Jones use of the "unequal sign." NES conducted an investigation and coached/counseled Mr. Jones. The remainder of the allegations contained in Paragraph 58 are denied. To the extent this paragraph implies liability in any way, it is denied

59. Paragraph 59 contains legal conclusions requiring neither admission nor denial. Even so, to the extent a response is required, NES denies the remaining allegations contained in

8

10898343v1
Case 3:23-cv-00512    Document 36    Filed 03/21/24    Page 8 of 18 PageID #: 160

Paragraph 59. NES specifically denies Plaintiff has been subject to race harassment or discrimination.

60. Paragraph 60 contains legal conclusions requiring neither admission nor denial. Even so, to the extent a response is required, NES denies the remaining allegations contained in Paragraph 60. NES specifically denies Plaintiff has been subject to race harassment or discrimination.

61. Paragraph 61 contains legal conclusions requiring neither admission nor denial. Even so, to the extent a response is required, NES denies the remaining allegations contained in Paragraph 61. NES specifically denies Plaintiff has been subject to race harassment or discrimination.

**COUNT ONE: DENIAL OF EQUAL PROTECTION GUARANTEED BY THE FOURTEENTH AMENDMENT IN VIOLATION OF 42 U.S.C. § 1983**

62. NES hereby incorporates by reference its admissions and denials contained in Paragraphs 1 through 61.

63. Paragraph 63 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 63.

64. Paragraph 64 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 64.

65. Paragraph 65 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 65.

66. Paragraph 66 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 66.

67. Paragraph 67 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 67.

68. Paragraph 68 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 68.

69. Paragraph 69 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 69.

70. Paragraph 70 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 70.

71. Paragraph 71 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 71.

72. The allegations contained in Paragraph 72 are denied.

73. Paragraph 73 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 73.

10898343v1

74. Paragraph 74 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 74.

**COUNT TWO: RACIALLY HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C. § 1983, TITLE VII OF THE CIVIL RIGHT ACT OF 1964, 42 U.S.C. § 2000E, et seq., and THE TENNESSEE HUMAN RIGHTS ACT, TENN. CODE ANN. § 4-21-101, et seq.**

75. NES hereby incorporates by reference its admissions and denials contained in Paragraphs 1 through 74.

76. As to Paragraph 76, NES admits Plaintiff is a black man. To the extent this paragraph implies liability in any way, it is denied.

77. Paragraph 77 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 77.

78. Paragraph 78 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 78.

79. The allegations contained in Paragraph 79 are denied.

80. The allegations contained in Paragraph 80 are denied.

81. The allegations contained in Paragraph 81 are denied.

82. Paragraph 82 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 82.

83. Paragraph 83 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 83.

84. Paragraph 84 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 84.

85. Paragraph 85 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 85.

86. Paragraph 86 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 86.

87. Paragraph 87 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 87. NES specifically denies Plaintiff is entitled to any relief whatsoever.

**COUNT THREE: RACE DISCRIMINATION IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHT ACT OF 1964, 42 U.S.C. § 2000E, et seq., and
THE TENNESSEE HUMAN RIGHTS ACT, TENN. CODE ANN. § 4-21-101, et seq.**

88. NES hereby incorporates by reference its admissions and denials contained in Paragraphs 1 through 87.

89. As to Paragraph 89, NES admits Plaintiff is a black man. To the extent this paragraph implies liability in any way, it is denied

90. Paragraph 90 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 90.

91. Paragraph 91 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 91.

92. Paragraph 92 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 92. NES specifically denies Plaintiff is entitled to any relief whatsoever.

93. The remainder of the Amended Complaint consists of a prayer for relief which requires neither admission nor denial by NES. Nonetheless, NES denies any allegations or inferences of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

94. Any Amended Complaint allegations not expressly admitted are denied in their entirety.

## DEFENSES

Without admitting or suggesting that it bears the burden of proof on any of the following issues, NES asserts the following additional and/or affirmative defenses to Plaintiff's Amended Complaint:

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of the claims alleged in the Amended Complaint may be barred by the applicable statute of limitations.

## THIRD DEFENSE

To the extent Plaintiff has failed to satisfy any conditions precedent which are necessary to maintain his claims, or failed to exhaust administrative remedies, such claims are barred.

## FOURTH DEFENSE

All or some claims based on allegations that are beyond the scope of Plaintiff's charge of discrimination filed with the EEOC are barred and fail to state a claim on which relief can be granted.

## FIFTH DEFENSE

Any alleged harassing conduct by employees or managers as alleged in the Amended Complaint was outside the scope of those employees' or managers' employment.

## SIXTH DEFENSE

At all times, Defendant's actions were based on legitimate, nondiscriminatory, business-related reasons, undertaken in good faith and without malice or ill-will towards the Plaintiff.

## SEVENTH DEFENSE

At all times relevant hereto, Defendant had specific policies and procedures in place protecting against unlawful discrimination, harassment, and retaliation which were well known to Plaintiff and NES's management. Defendant policies are reasonable, job-related, consistent with business necessity and maintained for a non-discriminatory purpose.

## EIGHTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any alleged harassment, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or avoid harm otherwise.

## NINTH DEFENSE

Plaintiff was not subjected to conduct severe or pervasive as to create an objectively hostile or abusive work environment.

## TENTH DEFENSE

Plaintiff cannot establish employer liability for any alleged harassment by co-workers, contractors or members of management outside of Plaintiff's line of supervision because NES took action reasonably calculated to prevent and correct any alleged harassing conduct.

## ELEVENTH DEFENSE

Plaintiff's failure to promote claim fails because NES selected more qualified candidates for promotion.

## TWELVTH DEFENSE

Plaintiff's failure to promote claim fails because NES had legitimate non-discriminatory reasons for selecting other candidates over Plaintiff in that the selected candidates were more qualified.

## THIRTEENTH DEFENSE

Plaintiff lacks standing to file claims of discrimination, harassment and/or retaliation based upon alleged conduct aimed at other employees.

## FOURTEENTH DEFENSE

Plaintiff cannot establish a claim under 42 U.S.C. 1983 because NES does not have a custom or policy authorizing/condoning discrimination or harassment.

**FIFTEENTH DEFENSE**

Plaintiff cannot establish a claim under 42 U.S.C. 1983 because NES has not violated any established right under the Constitution or laws of the United States or any political subdivision or any act of Congress providing for the protection of civil rights.

**SIXTEENTH DEFENSE**

NES and its employees acted in the lawful exercise of their discretion and as a result NES is entitled to governmental immunity.

**SEVENTEENTH DEFENSE**

To the extent Plaintiff asserts a discrimination claim involving an action other than failure to promote, Plaintiff's discrimination claim fails because he has not been subject to any materially adverse employment action.

**EIGHTEENTH DEFENSE**

To the extent Plaintiff asserts a discrimination claim involving an action other than failure to promote, Plaintiff's discrimination claim fails because he cannot establish similarly situated individuals outside his protected category were treated more favorably.

**NINTEENTH DEFENSE**

To the extent Plaintiff has failed to mitigate his alleged damages, such failure bars, or at least reduces, recovery of such damages.

**TWENTIETH DEFENSE**

To the extent NES acquires any evidence of wrongdoing by Plaintiff during the course of this litigation that would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being demoted, disciplined, and/or terminated,

such after-acquired evidence shall bar Plaintiff's claims on liability or damages and shall reduce such claims as provided by law.

## TWENTY FIRST DEFENSE

Because no discovery has yet occurred in this action, Defendant reserves the right to assert further defenses as appropriate.

WHEREFORE, Defendant requests the Court dismiss Plaintiff's claims and award Defendant its costs and attorneys' fees incurred in defending the instant action, as well as any other appropriate relief.

Dated: March 21, 2024

Respectfully submitted,

*/s Mary Dohner-Smith*
Mary Dohner Smith, TN BPR No. 021451
William A. Blue, Jr., TN BPR No. 10378
Jacob A. Freeland, TN BPR No. 039696
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
750 Old Hickory Blvd. Ste. 260-2
Brentwood, TN 37027
615.340.3800
zblue@constangy.com
mdohner@constangy.com
jfreeland@constangy.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document **Defendant's Answer to Plaintiff's Amended Complaint** has been furnished to counsel for the Plaintiff listed below via the Court's electronic filing system and/or United States Postal Service, first-class postage prepaid, on this 21st day of March, 2024.

> Anne Bennett Hunter
> 101 Creekside Crossing
> Suite 1700-307
> Brentwood, TN 37027
> anne@hunteremploymentlaw.com
>
> Jesse Harbison
> P.O. Box 68251
> Nashville, TN 37206
> jesse@jesseharbisonlaw.com
>
> Attorneys for Plaintiff

<i>s/Mary Dohner Smith</i><br>
Mary Dohner-Smith